IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donald Strickland, | ) | Civil Action No. 4:22-cv-04607-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Ciox Health, LLC; Grand Strand Regional Medical Center, LLC d/b/a Grand Strand Medical Center; James Vest, MD; and Paul Bomar, MD, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

PLEASE TAKE NOTICE that Defendant Ciox Health, LLC ("Ciox") hereby removes this action from the Horry County Court of Common Pleas for the Fifteenth Judicial Circuit in the State of South Carolina to the United States District Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. §§ 1446 and 1332(d) (the Class Action Fairness Act or "CAFA"). A copy of this notice is being filed with the Circuit Court. The grounds for removal of this action are as follows:

On November 15, 2022, Donald Strickland, an adult individual, ("Plaintiff") commenced this action by filing a Summons and Complaint (the "Complaint" or "Compl.") in the Horry County Court of Common Pleas for the Fifteenth Judicial Circuit in the State of South Carolina, Case No. 2022CP2607122. Plaintiff alleges that Ciox violated the Physicians' Patient Records Act, S.C. Code § 44-115-10, *et seq.* (the "Patient Records Act"), by improperly charging requestors of copies of medical records: higher rates than allowed under the Patient Records Act for printed copies of records; certification fees, electronic data archive fees, retrieval fees, and other fees not authorized by the Patient Records Act; more than actual costs for copies of x-rays and other types

of imaging; and withholding copies of patients' medical bills from certain initial productions of records, and charging an additional search and handling fee for the subsequent production of medical bills. True and correct copies of the Summons, Complaint, and other documents filed previously in the state court proceeding are attached as Exhibit 1.

On November 21, 2022, Plaintiff served the Complaint on Ciox's registered agent, Corporation Service Company (Ex. 1). This Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(3) because 30 days have not elapsed since Ciox received the Complaint (Ex. 1).

Plaintiff purports to bring this action on behalf of themselves and on behalf of a proposed class consisting of "All citizens of South Carolina who, at any time from November 9, 2019 through present, paid, were obligated to reimburse payment for, or are currently obligated to reimburse payment for, or are obligated payment for a charge from one or more Defendants in violation of the Patient Records Act for copies of patient records that were requested from a South Carolina healthcare provider by the patient's attorney, and for which payment has not been reimbursed." (Compl. ¶ 44). According to Ciox's investigation into this matter, there are likely at least 280,000 requests that are potentially subject to Plaintiff's claims.

Plaintiff alleges that Defendants are liable for charging purportedly unlawful fees when fulfilling requests for copies of medical records and seeks a variety of relief, including compensatory damages, prejudgment interest, punitive damages, an award of reasonable costs and expenses including reasonable attorneys' fees, a declaratory judgment stating Defendants' conduct violates the Patient Records Act, and an injunction prohibiting Defendants from further purported violations of the Patient Records Act. (Compl. at 14-15). According to Ciox's investigation into this matter, this puts the amount in controversy well over $5,000,000.

Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) and (b) because there is minimal diversity of citizenship between Plaintiff and Ciox and the amount in controversy exceeds $5,000,000. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332(d) had the action been brought in federal court originally.

## AT LEAST ONE PLAINTIFF IS A CITIZEN OF A DIFFERENT STATE THAN AT LEAST ONE DEFENDANT.

Plaintiff is a citizen of the State of South Carolina. (Compl. ¶ 7).

Ciox is a limited liability company organized under the laws of Georgia with its principal place of business in Alpharetta, Georgia (Compl. ¶ 12). Thus, under 28 U.S.C. § 1332(d)(10), it is considered to be a citizen solely of the State of Georgia.

Ciox's sole member is Smart Holding Corp., a corporation organized under the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia. Thus, even if 28 U.S.C. § 1332(d)(10) were inapplicable, Ciox would be a citizen of Delaware and Georgia.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs.

Plaintiff defined the proposed class as "All citizens of South Carolina who, at any time from November 9, 2019 through present, paid, were obligated to reimburse payment for, or are currently obligated to reimburse payment for, or are obligated payment for a charge from one or more Defendants in violation of the Patient Records Act for copies of patient records that were requested from a South Carolina healthcare provider by the patient's attorney, and for which payment has not been reimbursed." (Compl. ¶ 44).

In order "[t]o determine whether the jurisdictional minimum is satisfied, the [] court looks to the aggregate value of class members' claims." *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730,

734 (4th Cir. 2009); *see also Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 621 n.1 (D.S.C. 2006) (noting that CAFA "confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5,000,000 ... [and] abrogates the rule against aggregating claims."). "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Where the amount in controversy is challenged, courts must retain jurisdiction unless "it is a legal certainty that plaintiff's claims do not reach the required amount." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995); *see also Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (explaining that for the court to reject the proponent's assertion that amount in controversy is met, "the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim") (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957)).

Plaintiff claims that all of the following charges are improper: (1) any electronic copies of patient records produced to attorneys where Defendants charged the "higher rate allowed for printed copies of patient records" (Compl. ¶ 32(a)); (2) any "certification fees," "electronic data archive fees," "retrieval fees," and "other fees not authorized by the Patient Records Act," (Compl. ¶ 32(b)); (3) any charges in excess of "actual costs for copies of X-Rays and other types of imaging" (Compl. ¶ 32(c)); (4) charges relating to the purported "withholding" of "copies of patients' medical bills from their initial production of records" (Compl. ¶ 32(d)). Although Plaintiff's threadbare allegations make it difficult to identify with specificity what aspect of any particular class of charges is being challenged, based on its best understanding of Plaintiff's claims,

Ciox's preliminary estimates indicate hundreds of thousands of requests fulfilled by Ciox on behalf of South Carolina healthcare facilities that reflect at least some charges that fall within at least one of these four categories of allegedly improper charges. *See* Declaration of Jennifer Wells (the "Wells Decl.") attached as Exhibit 2, ¶¶ 5-10. Based on this data, Ciox has calculated the difference between (1) the amount actually charged for any of the categories of fees listed above and (2) the maximum that Plaintiff appears to allege is the permissible charge for each such category. This monetary difference reflects that total aggregate overcharge alleged by Plaintiff in this case. *See* Wells Decl., Ex. 2, ¶¶ 5-10.

The result of that calculation is that the allegedly improper charges to class members described above exceeds $5,000,000 over the class period. This amount is made up of, among other alleged overcharges, more than $4,400,000 in alleged overcharges relating to the production of electronic records at rates higher than the cap of $150.00 identified in § 44-115-80 as the maximum charge for electronic records[1]; more than $850,000 in alleged overcharges relating to "certification fees," "electronic data archive fees," "retrieval fees," and "other fees"; and more than $250,000 in alleged overcharges relating to the production of x-rays and other types of imaging. *See* Wells Decl. Ex. 2, ¶¶ 5-10.

---

[1] Although—consistent with this Circuit's approach to CAFA's amount in controversy—Ciox undertakes this calculation to attempt to quantify the value of Plaintiff's allegation that Ciox charges "paper" rates for delivering "electronic" copies of records, Ciox vigorously disputes the premise of Plaintiff's claim (and thus Ciox's calculation). Section 44-115-80 is plain on its face that the *same* per-page fees apply both to electronic and paper records; the only difference is that the maximum amount that may be charged for electronic records is less than what may be charged for paper records. Given that the per-page fees are the same for electronic and paper records, Ciox surmises that Plaintiff's challenge is that Ciox is charging the paper *maximum* total charge when delivering electronic records that should be subject to the lower maximum total charge. For that reason, Ciox calculated this category of claim by totaling all the charges above the cap listed in § 44-115-80 that Ciox has imposed for electronic record delivery during the class period. But, to be clear, Ciox denies that these charges are in fact overcharges or in any way improper because, notwithstanding Plaintiff's apparent claim, the statutory maximum charges listed in § 44-115-80 are subject to upward CPI adjustments, which the South Carolina Department of Health and Environmental Control does annually in published guidance that can be found at https://scdhec.gov/sites/default/files/media/document/Annual-Adjustment-to-the-Fee-for-Search-and-Duplication-of-a-Medical-Record-2022.pdf, and to which Ciox strictly adheres.

This calculation does not include any punitive damages. The Complaint requests both compensatory and "punitive damages in amount sufficient to serve as an example that deters others from engaging in similar conduct." Compl. at 14.  The Complaint also alleges that Defendants "willfully and consistently overcharge patients' attorneys for copies of patient records by engaging in unfair and unlawful billing practices." Compl. ¶ 32.  Alternative forms of damages such as punitive damages are properly considered in the jurisdictional analysis as well.  *See, e.g., Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 735 (4th Cir. 2009) (noting that "[s]tatutory liquidated damages are properly includable in the calculation of the jurisdictional amount..."); *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022) (holding that "it is well-settled that punitive damages, which could be up to $25,000 per claimant here, factor into the amount-in-controversy calculation.") (internal quotations omitted).  Although Plaintiff does not plead a specific amount of punitive damages in the Complaint—because Plaintiff is precluded from doing so by law, *see* S.C. Code Ann. § 15-32-510(B)—South Carolina permits punitive damages of up to $500,000.  And the Fourth Circuit has recognized that "courts have upheld high punitive damages awards to deter misconduct undertaken for financial gain" and that "large ratios between punitive damages and compensatory damages are permissible when a defendant's willful [statutory violation] causes small amounts of compensable harm." *Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246, 260 (4th Cir. 2017).  Accordingly, Plaintiff's requested punitive damages strongly support a finding that there is more than $5,000,000 in dispute here. *See Schutte*, 28 F.4th at 856 (holding that when Plaintiff "alleges that the defendants intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposed fees" and "seeks exemplary damages," that Plaintiff has "put in controversy the exemplary damages" and "cannot avoid federal jurisdiction by trying to retreat from her own allegations.") (cleaned up).

This calculation also does not include the value of the injunctive relief Plaintiff seeks. In addition to compensatory and punitive damages, Plaintiff requests "an injunction prohibiting Defendants continuing to charge more than is allowed by South Carolina law for copies of patient medical records." Compl. at 15. Fourth Circuit law is clear that "like requests for money damages, requests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). Courts "ascertain the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *Id*. Here, Plaintiff seeks to enjoin Ciox from charging fees that result in over $1.8 million in revenue to Ciox each year. *See* Wells Decl. ¶ 11. According, if granted, Plaintiff's requested injunction would cost Ciox at least $1.8 million each year, for each year that, but for the injunction, Ciox could have been charging those fees and earning that revenue. Assuming just that Ciox would otherwise have been able to continue charging these rates for the next three years easily surpasses the amount in controversy. As such, Plaintiff's requested injunctive relief provide further support for this Court to conclude that the amount-in-controversy has been met. *See JTH Tax*, 624 F.3d at 640 (finding amount-in-controversy met due to value of injunction and holding that "all that matters is that we cannot say *with legal certainty* that Liberty's injunction is worth less than the requisite amount.").

## THE CLASS SIZE IS IN EXCESS OF 100 MEMBERS

Plaintiff seeks to represent a class of "[a]ll citizens of South Carolina" with whom Plaintiff believes he is similarly situated. (Compl. ¶ 44). Although Plaintiff does not estimate the number of class members in his complaint, the wide scope of Plaintiff's purported class makes it almost a certainty that the class size would exceed 100 members. Indeed, Ciox's own investigation has

7

revealed that there are hundreds of thousands of class members, *see* Wells Decl. Ex. 2, ¶¶ 5-10. Thus, the class size requirement for CAFA jurisdiction is met.

## NO EXCEPTION TO CAFA JURISDICTION APPLIES

The "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), does not apply to this case because during the three-year period preceding the filing of this action, other class actions asserting similar factual allegations have been alleged against the Defendants. Among other things, within the three-year period, numerous putative class actions have been filed against Ciox alleging improper charges for medical record copies, including challenging the practice of charging electronic data archive fees, allegedly overcharging for electronically delivered copies of records, and charging improper "retrieval" fees. Such class action have been filed in several states including at least Wisconsin, Montana, and even here in South Carolina, *see Thompson v. Ciox Health, LLC*, 2021 WL 4037478, at *1 (D.S.C. Sept. 3, 2021), *aff'd*, 52 F.4th 171 (4th Cir. 2022) (dismissing claims brought against Ciox for violation of the Patient Records Act).

The "home-state controversy" exception, 28 U.S.C. § 1332(d)(4)(B), does not apply to this case because, among other things, Ciox is one of the primary defendants in this action and is not a citizen of South Carolina. *See* 28 U.S.C. § 1332(d)(4)(B) (requiring that "the primary defendants" all be "citizens of the State in which the action was originally filed."). Here, Ciox is a primary defendant because it is "the overwhelming focus of the complaint[]…and holder of the greatest potential liability to the greatest number of plaintiffs." *Gentry v. Hyundai Motor Am., Inc.*, 2017 WL 354251, at *11 (W.D. Va. Jan. 23, 2017), *aff'd in part, dismissed in part sub nom. Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278 (4th Cir. 2018). Importantly, the plain text of the statute makes clear that *all* of the primary defendants must be citizens of South Carolina for the "home-state controversy" exception to apply. *See* 28 U.S.C. § 1332(d)(4)(B); *see also Anthony*

*v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (holding that "as evident from the statute's use of the phrase '*the* primary defendants' rather than '*a* primary defendant', 'the plain language of the statute requires remand only when *all* of the primary defendants are residents of the same state in which the action was originally filed.'") (cleaned up).  Because Ciox is not a citizen of South Carolina, the exception is inapplicable in this case. *See Anthony*, 535 F. Supp. 2d at 518; *Edoff v. T-Mobile Ne. LLC*, 2019 WL 1459046, at *3 (D. Md. Apr. 2, 2019) (denying motion for remand and rejecting the "home state exception" because "none of the defendants in this case are citizens of Maryland, the state in which the action was originally filed.").

Exhibit 1 contains true and correct copies of all process, pleadings, and orders served upon or otherwise received by Defendants.

Promptly after the filing of this Notice of Removal, Defendants will notify Plaintiff and the Clerk of the Horry County Court of Common Pleas for the Fifteenth Judicial Circuit in the State of South Carolina that this case has been removed.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ MERRITT G. ABNEY
E. Bart Daniel
Federal Bar No. 403
E-Mail: bart.daniel@nelsonmullins.com
Michael T. Cole
Federal Bar No. 206
E-Mail: mike.cole@nelsonmullins.com
Merritt G. Abney
Federal Bar No. 9413
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
 (843) 853-5200

KIRKLAND & ELLIS LLP

Jay P. Lefkowitz, P.C. (*pro hac vice forthcoming*)
Gilad Bendheim (*pro hac vice forthcoming*)

        Andrew McCarty (*pro hac vice forthcoming*)
        601 Lexington Avenue
        New York, New York 10022
        lefkowitz@kirkland.com
        gilad.bendheim@kirkland.com
        andrew.mccarty@kirkland.com
        (212) 446-4800

        *Attorneys for Defendant Ciox Health, LLC*

Charleston, South Carolina
December 20, 2022